## B. M. Shaffner· v. John F. Waters.

1. APPEALS FROM JUSTICES—*Payment of Costs.*—On taking an appeal from a justice of the peace by filing an appeal bond with the justice, the statute (Hurd, 1898, p. 834) requires the party praying the appeal to pay ten dollars to the justice for the use of the clerk of the court to which the appeal is taken, and peremptorily prohibits the justice from approving the appeal bond on a failure to pay that amount.

Certiorari Proceedings.—Appeal from the Circuit Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding. Hearing and

order entered quashing the writ.    Heard in this court at the March term, 1898.    Affirmed.    Opinion filed June 29, 1898.

B. M. Shaffner, *pro se.*

John F. Waters, *pro se.*

Mr. Presiding Justice Adams delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook County quashing a writ of certiorari issued on the petition of appellant. The petition, filed May 7, 1897, recites that John F. Waters, on March 25, 1897, began suit before Justice Everett to recover $200 claimed to be due him from petitioner for legal services rendered plaintiff in the suit of McLean v. The Washington Ice Company, heretofore pending in said court; that petitioner never employed said Waters to try said case, and that petitioner is in no wise indebted to him; that on March 30, 1897, said justice rendered judgment for $200 against petitioner in his absence; that the reason of such absence was because said Waters theretofore agreed to continue said cause until some future time so that if possible matters therein involved might be amicably settled; that, relying upon such promise, petitioner did not appear before said justice.

That on April 19, 1897, being within the twenty days allowed by statute to appeal said cause, the petitioner filed his appeal bond with said justice in the sum of $400 with good and sufficient sureties, and that said justice then and there stated to petitioner that the surety was sufficient and that he would approve said bond; that in the course of dealing between said justice and petitioner, charges and costs of the justice were charged to petitioner by such justice, from time to time, and that thereafter said justice would collect same from petitioner, and that petitioner believed that the costs of such appeal would be charged to and collected from petitioner as usual; that said Waters, before and after the rendition of the judgment, claimed only $100 due him from petitioner.

That, although such appeal was taken and perfected, such justice, on May 6, 1897, issued an execution to Constable Peter F. Breton, and a levy was made on the goods and chattels of petitioner; that said justice now claims that although he said the bond was good and that he would approve the same, yet because the costs of appeal were not paid, he was compelled to issue said execution; that said justice had no right to issue such execution.

That petitioner requested said justice to recall such execution and to send up the papers of such appeal to the Circuit Court, and petitioner then and there tendered the sum of $12.50 to said justice, being the fees of the clerk of the Circuit Court, but that said justice refused to accept same, etc.

It sufficiently appears from the petition that appellant knew of the judgment April 19, 1897, in time to appeal, and he may have known of it the very day the judgment was rendered, for aught appearing in the petition, because it is not averred in the petition that appellant did not know of the judgment before April 19, 1897, and the petition is to be taken most strongly as against appellant. His only excuse for not pursuing his remedy by appeal, is that he supposed from his previous dealings with the justice that the latter would advance for him the costs of the appeal. In this he seems to have been the victim of misplaced confidence. On taking an appeal from a justice of the peace by filing an appeal bond with the justice, the statute requires the party praying the appeal to pay ten dollars to the justice for the use of the clerk of the court to which the appeal is taken, and peremptorily prohibits the justice from approving the appeal bond on failure to pay that amount. 2 S. & C. Stat., Ch. 53, Sec. 83.

Appellant's excuse for his failure to perfect his appeal is insufficient; the writ of certiorari was properly quashed, and the judgment will be affirmed.